887 F.2d 1095
 12 U.S.P.Q.2d 1655
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FIRST MICHIGAN BANK CORPORATION, Appellant,
v.
FIRST NATIONAL BANK, Appellee.
 No. 89-1196.
 United States Court of Appeals, Federal Circuit.
 Sept. 12, 1989.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 This appeal is from the August 9, 1988 summary judgment of the Patent and Trademark Office Trademark Trial and Appeal Board (board) sustaining First National Bank's (First National) opposition to First Michigan Bank Corporation's (FMBC) application to register the mark FMB for banking services and refusing registration of the mark. We affirm.
 
 OPINION
 1. Priority
 
 2
 We agree with the board that First National was entitled to rely upon its use since 1964 of the mark "FNB" with the letters placed in abutting diamonds because First National's modernized "FNB" mark creates the same continuing commercial impression. Cf. Ilco Corp. v. Ideal Security Hardware Corp., 527 F.2d 1221, 1224, 188 USPQ 485, 487 (CCPA 1976) (holding that HOME PROTECTION HARDWARE and HOME PROTECTION CENTER do not create the same, continuing commercial impression). FMBC's assertion that portions of the mark other than the acronym "FNB" form the dominant commercial impression in the mark is not persuasive. Viewing the affidavits and registrations of record in the light most favorable to FMBC, as we must, it cannot justifiably be inferred that the mark "FNB" is descriptive or suggestive of banking services, such that other portions of the mark would be more distinctive in the minds of consumers.
 
 2. Likelihood of Confusion
 
 3
 Any issue of fact with respect to the degree of care exercised by consumers of banking services is not material in the sense that it would preclude summary judgment in this case. We may assume without deciding that consumers of banking services exercise a relatively high degree of care. Even so, FMBC's "FMB" mark and First National's "FNB" mark identify identical services and we agree with the board that the marks so resemble each other in appearance and sound as to be likely to cause confusion among consumers of banking services.
 
 3. Other Arguments
 
 4
 We have considered FMBC's other arguments but do not find them persuasive.